**ROLLA COMMUNITY HOSPITAL, INC., Petitioner and Appellant,**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Respondent and Appellee.**

**Civ. No. 870012.**

Supreme Court of North Dakota.

Aug. 20, 1987.

Ray H. Walton (argued) and Harold L. Anderson, Bismarck, for petitioner and appellant.

Blaine L. Nordwall, Asst. Atty. Gen., Dept. of Human Services, Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

Rolla Community Hospital, Inc. (Rolla), appealed from a district court judgment affirming a decision of the North Dakota Department of Human Services (the Department) denying Rolla's request for recomputation of its reimbursement rate for providing skilled nursing care to Medicaid recipients. We reverse.

In initiating a new reimbursement methodology for services provided by long-term-care facilities, the Department, in an August 19, 1985, memorandum, advised Rolla and other facilities that long-term-care facilities would be assigned to one of eleven groups, based on "paid days of service from July 1, 1984, through June 30, 1985, as accumulated by the department as of August 31, 1985." Rolla was tentatively assigned to a category of hospitals with 80 percent or more skilled days of service. In October 1985, Rolla learned that its skilled rate was being reduced because it was "changed from a hospital with 80% and over skilled to 79% skilled and under." Rolla requested "the support data for the rate reimbursement and the information that was used in determining which group we were placed in."

On February 6, 1986, the Department notified Rolla of its final rate for skilled care effective October 1, 1985. In March 1986, Rolla discovered that it had submitted incorrect billing forms[1] to the Department during the period of July 1, 1984, through June 30, 1985, from which the "paid days of service" were derived. Rolla then submitted corrected data and sought an adjustment as authorized by Department rule.[2] The Department declined to make an adjustment.

An administrative hearing on Rolla's appeal was conducted on May 6, 1986, after which the Department entered a decision denying Rolla's request to have its reimbursement rate recomputed. The denial was based upon the following finding of fact:

"(5) It is found that the error was not discovered by Rolla Community Hospital until after the rates had been redetermined and rate notices issued to all facilities. To make the adjustment suggested by Rolla Community Hospital at a point in time after the rates have been set for all facilities in both the '80% and under' and 'over 80%' categories would require a recalculation of rates for all facilities in the respective categories because such a change would affect the averaged costs of those facilities. The benefit this would have to Rolla Community Hospital does not justify the disruption such a recalculation would cause, when viewed from the perspective that the problem was caused in the first instance by the Hospital's inaccurate representation of medicaid skilled nursing residents actually occupying skilled nursing beds during the period within which the rate data was compiled."

Rolla appealed to the district court, which affirmed the Department's decision. The dispositive issue on appeal is whether or not the foregoing finding of fact by the Department is supported by a preponderance of the evidence. Section 28–32–19(5), N.D.C.C.

In determining whether a finding of fact made by an administrative agency is supported by a preponderance of the evidence, "[w]e determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979).

---

1. Before the new reimbursement methodology was instituted, the kind of error Rolla made in its billing forms submitted to the Department did not matter because the reimbursement rates for skilled and intermediate-care patients in skilled beds were the same.

2. A Department rule provides that "[r]ate adjustments may be made to correct errors subsequently determined and shall also be retroactive to the beginning of the facility's fiscal year." N.D.Admin.Code § 75–02–06–16(7)(a).

The parties stipulated in district court that if Rolla had initially submitted accurate billing forms it probably would have been placed in group "I," with "80% or more skilled days." The parties also stipulated that Rolla would likely have received additional revenues of approximately $85,000 between October 1, 1985, and September 30, 1986.

The adverse effect upon Rolla of losing $85,000 in a one-year period because of its classification based on incorrect information it supplied to the Department is conceded by the Department to be substantial. There is no evidence in the record indicating that recalculating the rates for Rolla and the other facilities would impose a significant burden upon the Department. We note that the rates were calculated in the first instance with the assistance of "a run from the computer." Presumably, such assistance could be summoned again.

As to any disruption that a recalculation of the rates for all facilities in the two categories might cause for other facilities, there is no evidence in the record of what, if any, adverse impact there might be. There was no attempt to quantify the disruption that might be caused by a recalculation. The only evidence about any impact on other facilities was provided by a Department employee who testified that "[i]t could affect—I don't know what it would do if we would do it. It could disadvantage or advantage certain providers." From that evidence alone, a reasoning mind could not reasonably have determined that the benefit to Rolla in recalculating the rates "does not justify the disruption such a recalculation would cause." Thus the Department's finding of fact is not supported by a preponderance of the evidence.

The judgment is reversed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.